Richard **MITCHELL** and Larry Cotten, Plaintiffs–Appellees,

v.

**STATE FARM FIRE AND CASUALTY COMPANY, Defendant–Appellant.**

No. 92–1208.

United States Court of Appeals, Tenth Circuit.

April 12, 1994.

Miles C. Cortez, Jr. (Stephen J. Hensen and Fermin G. Montoya of Cortez Friedman, P.C., with him, on the brief), Denver, CO, for plaintiffs-appellees.

Alan Epstein of Hall & Evans (William J. Hunsaker of Makris, Hunsaker, Towey & Melonakis, P.A., with him, on the brief), Denver, CO, for defendant-appellant.

Before LOGAN, Circuit Judge, FEINBERG, Senior Circuit Judge,* and McWILLIAMS, Senior Circuit Judge.

## OPINION ON PETITION FOR REHEARING EN BANC.

McWILLIAMS, Senior Circuit Judge.

Mitchell and Cotten, appellees, filed a timely petition for rehearing, and, on order

*Honorable Wilfred Feinberg, Senior Circuit Judge for the Second Circuit, sitting by designa-

of Court, State Farm, the appellant, has now filed a response thereto.

. In the petition for rehearing, counsel asserts that plaintiffs' claim for breach of the duty of good faith and fair dealing was based on two separate matters: (1) representatives of State Farm "induced and permitted" plaintiffs to overinsure the subject property; and (2) unreasonable delay in handling plaintiffs' claim. In this connection, counsel went on to state that "the panel failed to recognize ... the plaintiffs' theory of defendant's bad faith predicated on the overinsurance and misleading conduct of State Farm's agent."

It is true that in their amended complaint plaintiffs did make a possible reference to overinsurance in their claim based on an alleged breach of the duty of State Farm to exercise good faith and fair dealing with the plaintiffs. It is also correct that in closing argument to the jury, counsel for the plaintiffs stated that *both* of the plaintiffs' claims, i.e., breach of contract and breach of duty, were based, in part, on "overinsurance" and "misleading conduct." In this regard, counsel did ask the jury to return verdicts in favor of the plaintiffs on both of their claims, i.e. breach of contract and breach of duty, and to fix their damages at $256,000 on each claim, assuring the jury, at the same time, that there would be only "one recovery." Notwithstanding, the jury was nonetheless instructed, without objection, that the plaintiffs' claim based on breach of duty of good faith and fair dealing was based on unreasonable delay by State Farm in making payments due under the policy.

Specifically, Instruction No. 23 reads as follows:

In order for the plaintiffs to recover from the defendant on their claim of breach of duty of good faith and fair dealing, you must find all of the following have been proved:

1. The plaintiffs incurred damages;

tion.

2. *The defendant acted unreasonably in delaying payment on plaintiffs' claim without a legitimate basis for said delay;*

3. The defendant knew its conduct was unreasonable or the defendant recklessly disregarded the fact that its conduct was unreasonable; and

4. The defendant's unreasonable conduct was a cause of the plaintiffs' damages.

If you find that any one or more of these four propositions has not been proved by a preponderance of the evidence, then your verdict must be for the defendant.

On the other hand, if you find that all of these four propositions have been proved by a preponderance of the evidence, then your verdict must be for the plaintiffs (emphasis added).

Under Instruction No. 23, the jury was instructed, in so many words, that plaintiffs' bad faith claim was based on unreasonable delay by State Farm of payments due plaintiffs under the policy. There is *no* mention in Instruction No. 23 of "overinsurance" or "misleading conduct." We do not regard "delayed payment" to be a synonym for "overinsurance" or "misleading conduct." All of which would suggest that the jury was confused and returned verdicts which cannot be "fairly harmonized."

Accordingly, appellees' petition for rehearing is hereby denied by the panel.

In accordance with Rule 35(b), Federal Rules of Appellate Procedure, the suggestion for rehearing en banc was transmitted to all of the judges of the court who are in regular active service. No member of the panel and no judge in regular active service on the court having requested that the court be polled on rehearing en banc, Rule 35, Federal Rules of Appellate Procedure, the suggestion for rehearing en banc is denied.